# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff<br><br>v.<br><br>JAVIER MIRANDA,<br><br>Defendant | CASE NO. 1:12-CR-0067 AWI BAM<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

On September 24, 2020, Defendant Javier Miranda, appearing pro se, moved to modify his prison sentence through 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 17. Pursuant to Eastern District of California General Order No. 595, defendant's motion was s referred to the Federal Defender's Office for the Eastern District of California on September 28, 2020. See Doc. No. 18. Following a stipulation, Defendant through counsel filed supplemental motion. See Doc. Nos. 21, 23. After reviewing both the original and supplemental motions, the Court concludes that no response from the United States is necessary and that Defendant's motion should be denied.

*Background*

On January 7, 2013, Defendant pled guilty to violation of 18 U.S.C. § 1326, deported alien found in the United states, and was sentenced to 30 months custody. See Doc. Nos. 15, 16.

In April 2020, as part of a large transfer of non-citizen prisoners, Defendant was transferred from Taft Correctional Institute to North Lake Correction Institute in Baldwin, Michigan.

Defendant represents that he has currently served 21 months of his 30 month sentence.

*Defendant's Motion*

Defendant argues that the Covid 19 pandemic is a crises that represents extraordinary circumstances that support compassionate release. Defendant argues that he is at risk because he is 48 years old, has high blood pressure, and has "heart problems." Defendant argues that the conditions of the North Lake facility make it difficult to take appropriate steps to avoid contracting Covid 19. Defendant argues that the North Lake facility houses 1,522 inmates. Defendant also argues that shortly after his arrival at North Lake in April, he became very sick but was not tested for Covid 19 because the test was too expensive. Finally, Defendant argues that the relevant 18 U.S.C. § 3553 factors favor release.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

*Discussion*

After review, the Court will deny the motion for two reasons.

First, the Third and Sixth Circuits have found that the administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19. <u>Alam</u>, 960 F.3d at 835-36; <u>Raia</u>, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." <u>Gallo Cattle Co. v. U.S. Dept. of Agric.</u>, 159 F.3d 1194, 1197 (9th Cir. 1998); see <u>Shaw v. Bank of Am. Corp.</u>, 946 F.3d 533, 541 (9th Cir. 2019). Consistent with *Gallo Cattle* and *Shaw*, numerous district courts, including opinions from the Eastern District of California, have held that § 3582(c)(1)(A)'s exhaustion requirement may not be waived. E.g. <u>United States v. Howard</u>, 2020 U.S. Dist. LEXIS 113628, *5 (E.D. Cal. June 29, 2020) (Ishii, J.); <u>United States v. Logan</u>, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); <u>United States v. Cruceru</u>, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); <u>United States v. Valladares</u>, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); <u>United States v. Meron</u>, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.). The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure. See <u>Gallo Cattle</u>, 159 F.3d at 1197; <u>United States v. Bolanos</u>, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); <u>United States v. Greenlove</u>, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); <u>Howard</u>, 2020 U.S. Dist. LEXIS 113628 at *5; <u>United States v. Smith</u>, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); <u>Meron</u>, 2020 U.S. Dist. LEXIS 66533 at *5.

There is a significant split among the district courts of this country regarding the proper interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A). See <u>United States v. Falaaga</u>, 2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (and cases cited therein). This Court has adopted the interpretation of § 3582(c)(1)(A) that views the "lapse of 30 days" language

3

as creating a limited futility exception.  See id.; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-10 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same).  Under this view, if there is no response within 30 days of submission of a request for compassionate release, a defendant at that point may proceed to court without further administrative action, but, if there is a timely response, the 30 day lapse language has no application and the defendant must follow the otherwise applicable administrative procedures and appeal the denial.  See id.

Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10; United States v. Addison, 2020 U.S. Dist. LEXIS 143518, *4 (E.D. La. Aug. 11, 2020); United States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854, *9 (W.D. Wash. May 7, 2020) (and cases cited therein).  Defendant has not addressed the exhaustion issue.  The Court has not been informed if a request for relief from the warden of North Lake was submitted by Defendant and, if such a request was submitted, when and what actions the warden took.  Without that information, the Court cannot determine whether exhaustion has occurred and thus, whether jurisdiction exists.  Therefore, Defendant has not met his burden, and the Court must deny his motion.  See Gallo Cattle, 159 F.3d at 1197; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11; Greenlove, 2020 U.S. Dist. LEXIS 114624 at *15-*16; Howard, 2020 U.S. Dist. LEXIS 113268 at *5; Smith, 2020 U.S. Dist. LEXIS 113423 at *16;  Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

Second, and in the alternative, even if the Court were to conclude that Defendant met his burden of demonstrating exhaustion and jurisdiction, the Court would not find that he has demonstrated that extraordinary and compelling reasons justify compassionate release. Defendant's age does not clearly place him in a recognized "at risk group,"[1] Defendant has not adequately explained what "heart problems" he has,[2] and Defendant has not provided any

---

[1] See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/older-adults.html

[2] The CDC recognizes that certain "serious heart conditions" put a person "at risk for severe illness" from Covid 19.  See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions.  However, simply alleging unknown "heart problems" does not demonstrate that Defendant is "at risk for severe illness."

4

information related to his high blood pressure, which as described would only place Defendant in a group that "might be" at risk of severe illness from Covid 19.[3]  Moreover, there are no currently active cases of Covid 19 in North Lake.[4]

Defendant has demonstrated that he might be (at best) at an increased risk of serious illness in a prison that has no active cases of Covid 19.  The words of the Third Circuit best describe this situation best:  "We do not mean to minimize the risks that COVID-19 poses in the federal prison system . . . .  But the mere existence of COVID-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." Raia, 954 F.3d at 597.

In sum, because Defendant has not shown that he has exhausted his administrative remedies or that he faces extraordinary compelling reasons that justify compassionate release, the Court will deny Defendant's § 3582(c)(1)(A) motion.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 17) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   October 19, 2020                    _____
                                              SENIOR DISTRICT JUDGE

---

[3] The CDC has noted that people with "high blood pressure" "might be at an increased risk for severe illness." See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions.

[4] See https://www.bop.gov/coronavirus/