UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>JAVIER MIRANDA,<br><br>**Defendant** | CASE NO. 1:12-CR-0067 AWI BAM<br><br>ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION<br><br>(Doc. No. 25) |

On October 19, 2020, the Court denied Defendant's motion for a modification of his prison sentence through 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 24. The Court denied the motion because Defendant failed to meet his burden of establishing that he had exhausted administrative remedies and because he failed to demonstrate that his medical conditions, his "living conditions" at FCI North Lake in Baldwin, Michigan, and the risk posed by Covid 19 together constituted extraordinary and compelling reasons for relief. See id.

On November 16, 2020, Defendant filed a pro se motion for reconsideration. See Doc. No. 25. In his motion, Defendant explains that he has high blood pressure and high cholesterol, inmates at FCI North Lake have now tested positive for Covid 19, and he cannot practice social distancing, cannot sterilize surfaces frequently, and cannot frequently wash his hands at FCI North Lake. See id.

On December 11, 2020, the United States filed an opposition to Defendant's motion for reconsideration. See Doc. No. 30.

*Discussion*

After review, there is an insufficient basis to grant reconsideration.

First, Defendant again fails to address the exhaustion issue.  This Court has held that the failure to exhaust administrative remedies under § 3582(c)(1)(A) is a jurisdiction defect.  See United States v. Falaaga, 2020 U.S. Dist. LEXIS 159479, *5-*8 (E.D. Cal. Sept. 1, 2020); United States v. Risley, 2020 U.S. Dist. LEXIS 148077, *13 (E.D. Cal. Aug. 17, 2020).  Defendant's failure to again address exhaustion is a jurisdictional failure.[1]  See United States v. Miranda, 2020 U.S. Dist. LEXIS 193164, *5 (E.D. Cal. Oct. 19, 2020).

Second, as of the date of this order, seven inmates at FCI North Lake have active cases of Covid 19.  See https://www.bop.gov/coronavirus/.  However, there is an insufficient indication that the authorities at FCI North Lake are not taking appropriate steps to limit the spread of Covid 19 or that personnel at FCI North Lake are incapable of adequately treating prisoners with Covid 19.  Moreover, Defendant has failed to show that he is "at risk" of severe illness from Covid 19.  Defendant's medical records do not indicate that he is being treated for high blood pressure.  Even if the Court assumes that Defendant has high blood pressure, as the Court explained in the order denying relief, those with high blood pressure "might be at an increased risk" of severe illness from Covid 19 under CDC guidelines; Defendant is not considered "at risk" of severe illness from his high blood pressure.  See https://www.cdc.gov/coronavirus/ 2019-ncov/need-extra-precautions/people-with-medical-conditions.html.  The CDC does not view those with high cholesterol as being "at risk" for severe illness or "might be at an increased risk" for severe illness.[2]  See id.  Therefore, at best, Defendant has shown that he "might be at an increased risk" of severe illness from Covid 19 due to high blood pressure (even though he is not actually being treated for high blood pressure), and that he is at an institution that has a relatively small number of inmates with active Covid 19 cases.  Without more, the Court cannot hold that Defendant

---

[1] The United States' opposition indicates that Defendant submitted a request for compassionate release to the Warden of FCI North Lake in October 2020 and received a denial from the Warden within two weeks.  However, there is no suggestion that Defendant appealed from the Warden's timely denial.  Therefore, the indication is that Defendant failed to exhaust his administrative remedies, which is a jurisdictional failure.  See Falaaga, 2020 U.S. Dist. LEXIS 159479 at *7-*8.

[2] In any event, medical records indicate that Defendant's overall cholesterol is normal.

demonstrated that he faces extraordinary and compelling circumstances that warrant a sentence reduction.

In sum, Defendant has not demonstrated any new circumstances that may justify reconsideration of the Court's prior denial.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for reconsideration (Doc. No. 25) is DENIED.

IT IS SO ORDERED.

Dated:   December 17, 2020

SENIOR DISTRICT JUDGE