UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>**Plaintiff**<br><br>v.<br><br>**JAVIER MIRANDA,**<br><br>**Defendant** | CASE NO. 1:12-CR-0067 AWI BAM<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSOINATE RELEASE**<br><br>(Doc. No. 34) |

On March 2, 2021, Defendant through counsel filed this second motion for a modification of his prison sentence through 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 34. For the reasons that follow, Defendant's motion will be denied.

*Background*

On January 7, 2013, Defendant pled guilty to violation of 18 U.S.C. § 1326, deported alien found in the United states, and was sentenced to 30 months custody. See Doc. Nos. 15, 16.

In April 2020, as part of a large transfer of non-citizen prisoners, Defendant was transferred from Taft Correctional Institute to North Lake Correction Institute in Baldwin, Michigan.

On October 19, 2020, the Court denied Defendant's motion for a modification of his prison sentence through 18 U.S.C. § 3582(c)(1)(A). See Doc. No. 24. The Court denied the motion because Defendant failed to meet his burden of establishing that he had exhausted administrative remedies and because he failed to demonstrate that his medical conditions, his "living conditions" at FCI North Lake in Baldwin, Michigan, and the risk posed by Covid 19 together constituted extraordinary and compelling reasons for relief. See id.

On December 17, 2020, the Court denied a motion for reconsideration that was filed by Defendant pro se. See Doc. No. 33. The Court denied the motion by again noting that Defendant failed to prove exhaustion and failed to show extraordinary and compelling circumstances that would warrant relief. See id.

*Defendant's Motion*

Defendant argues that the Covid 19 pandemic is a crisis that represents extraordinary circumstances that support compassionate release. Defendant argues that he is at risk for severe illness because he is 48 years old, has high blood pressure, high cholesterol, and obesity. Defendant argues that the conditions of the North Lake facility (which currently houses 1,505 inmates) make it difficult to take appropriate steps to avoid contracting Covid 19. Defendant also argues that the relevant 18 U.S.C. § 3553 factors favor release. Finally, Defendant argues that he was provided documentation outlining the compassionate release process, but it is unclear whether he petitioned he Warden at CI North Lake. However, the Court may waive that requirement as courts throughout the country have done. There is no colorable argument that exhaustion under the First Step Act is jurisdictional.

*Legal Standard*

Criminal defendants are empowered to request compassionate release for "extraordinary and compelling reasons." United States v. Alam, 960 F.3d 831, 832 (6th Cir. 2020); United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020). Specifically, in relevant part, 18 U.S.C. § 3582 provides:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) [18 USCS § 3553(a)] to the extent that they are applicable, if it finds that—
> (i) extraordinary and compelling reasons warrant such a reduction;

18 U.S.C. § 3582(c)(1)(A)(i). Before a defendant makes a request for compassionate release due to "extraordinary and compelling circumstances," "defendants must at least ask the [BOP] to do so on their behalf and give BOP thirty days to respond." Raia, 954 F.3d at 595.

*Discussion*

The administrative exhaustion requirement of § 3582(c)(1)(A) is mandatory even in the context of Covid 19. United States v. Fuentes, 2021 U.S. App. LEXIS 2260 (9th Cir, Jan. 27, 2021); Alam, 960 F.3d at 835-36; Raia, 954 F.3d at 597 (noting, in the context of an individual who did not wait 30 days from making a request for compassionate release before moving for release in the federal court system, "Although the District Court's indicative ruling did not mention the exhaustion requirement, it presents a glaring roadblock foreclosing compassionate release at this point."). The Ninth Circuit has held that "while judicially created exhaustion requirements may be waived by the courts for discretionary reasons, statutorily-provided exhaustion requirements deprive the court of jurisdiction and thus, preclude any exercise of discretion by the court." Gallo Cattle Co. v. U.S. Dept. of Agric., 159 F.3d 1194, 1197 (9th Cir. 1998); see Shaw v. Bank of Am. Corp., 946 F.3d 533, 541 (9th Cir. 2019). Section 3582(c)(1)(A)'s exhaustion requirement may not be waived. Fuentes, 2021 U.S. App. LEXIS 2260 at * 1; United States v. Williams, 2021 U.S. Dist. LEXIS 16677, *5-*6 (E.D. Cal. Jan. 28, 2021) (Ishii, J.); United States v. Logan, 2020 U.S. Dist. LEXIS 88672, *3-*4 (W.D. N.C. May 20, 2020) (and numerous cases cited therein); United States v. Cruceru, 2020 U.S. Dist. LEXIS 84502, *3 (E.D. Cal. May 12, 2020) (Nunley, J.); United States v. Valladares, 2020 U.S. Dist. LEXIS 75182, *4 (S.D. Cal. Apr. 29, 2020) (and cases cited therein); United States v. Meron, 2020 U.S. Dist. LEXIS 66533, *5 (E.D. Cal. Apr. 15, 2020) (Mueller, C.J.). The failure to exhaust administrative remedies as mandated by § 3582(c)(1)(A) is a jurisdictional failure. See Gallo Cattle, 159 F.3d at 1197; Williams, 2021 U.S. Dist. LEXIS 16677 at *6; United States v. Bolanos, 2020 U.S. Dist. LEXIS 148077, *5 (E.D. Cal. Aug. 17, 2020); United States v. Greenlove, 2020 U.S. Dist. LEXIS 114624, *15-*16 (M.D. Penn. June 30, 2020); United States v. Smith, 2020 U.S. Dist. LEXIS 113423, *16 (E.D. Ark. May 14, 2020); Meron, 2020 U.S. Dist. LEXIS 66533 at *5.

There is a significant split among the district courts of this country regarding the proper interpretation of the "lapse of 30 days" language of § 3582(c)(1)(A).  See United States v. Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649, *4-*5 (E.D. Cal. Jan. 21, 2021); United States v. Falaaga, 2020 U.S. Dist. LEXIS 159479, *6-*7 (E.D. Cal. Sept. 1, 2020) (and cases cited therein).  This Court has adopted the interpretation of § 3582(c)(1)(A) that views the "lapse of 30 days" language as creating a limited futility exception.  See Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649 at *4-*5; Falaaga, 2020 U.S. Dist. LEXIS 159479 at *6-*7; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *7-10 (agreeing with the reasoning of *Seng* and similar cases); United States v. Risley, 2020 U.S. Dist. LEXIS 148078, *13 (E.D. Cal. Aug. 17, 2020) (same); see also United States v. Gunn, 980 F.3d 1178, 1179 (7th Cir. 2020).  Under this view, if there is no response within 30 days of submission of a request for compassionate release, a defendant at that point may proceed to court without further administrative action, but, if there is a timely response, the 30 day lapse language has no application and the defendant must follow the otherwise applicable administrative procedures and appeal the denial.  See id.

Here, it is Defendant's burden to demonstrate exhaustion under § 3582(c)(1)(A).  See Williams, 2021 U.S. Dist. LEXIS 16677 at *7; Cuevas-Diaz, 2021 U.S. Dist. LEXIS 11649 at *5; Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10; United States v. Van Sickle, 2020 U.S. Dist. LEXIS 80854, *9 (W.D. Wash. May 7, 2020) (and cases cited therein).  Defendant states it is unclear whether he petitioned the Warden of CI North Lake, but he contends that the Court can waive the exhaustion requirement.  This argument is fatal to Defendant's claim.  As discussed above, the Court cannot waive the exhaustion requirement.  Moreover, staying silent about the exhaustion issue or stating that it is unknown whether a request was even submitted to the warden comes nowhere close to meeting the burden of demonstrating exhaustion.  Therefore, for the third time, the Court must deny Defendant's motion because of this jurisdictional failure.  See Gallo Cattle, 159 F.3d at 1197; United States v. Hernandez, 2020 U.S. LEXIS 163633, *8 (E.D. Cal. Sept. 8, 2020); Bolanos, 2020 U.S. Dist. LEXIS 148077 at *10-*11; Greenlove, 2020 U.S. Dist. LEXIS 114624 at *15-*16; Smith, 2020 U.S. Dist. LEXIS 113423 at *16; Meron, 2020 U.S. Dist. LEXIS 66533 at *5; Risley, 2020 U.S. Dist. LEXIS 148078 at *15.

Alternatively, accepting that Defendant is obese (which does put Defendant at risk for severe illness from Covid 19),[1] there are currently no active cases of Covid 19 at CI North Lake. See www.bop.gov/coronavirus/. The words of the Third Circuit best describe this situation: "We do not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release . . . ." Raia, 954 F.3d at 597. Therefore, Defendant has failed to demonstrate compelling and extraordinary circumstances that would justify early release.

**ORDER**

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for compassionate release (Doc. No. 34) is DENIED.

IT IS SO ORDERED.

Dated:  March 4, 2021                                  _____
                                                        SENIOR DISTRICT JUDGE

---

[1] The CDC recognizes that obesity, which is defined as Body Mass Index of 30.0 or greater, is a condition that does put one a risk for severe illness from Covid 19. See www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#obesity. However, high blood pressure is a condition that *might* put a person at risk for severe illness from Covid 19. See id. The CDC does not identify high cholesterol as a condition that either does or might put a person at risk for severe illness from Covid 19. See id.